74 September 18, 2024 No. 657

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WADE CLAYTON MOORE,
*Defendant-Appellant.*

Linn County Circuit Court
19CR55070; A179759

Thomas McHill, Judge.

Submitted July 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction entered after a conditional plea of guilty to two counts of possession of prohibited firearms and one count of felon in possession of a firearm. Defendant assigns error to the trial court's partial denial of his motion to suppress evidence obtained pursuant to a search warrant. Defendant argues that the affidavit for issuance of the warrant failed to establish probable cause because information provided by the victim was not reliable and law enforcement did not corroborate the information. We conclude that the trial court did not err in partially denying the motion, and, therefore, we affirm.

We start with the key relevant facts from the affidavit presented in support of the application for the search warrant. The victim, J, initially reported to police that he had been "pistol whipped" and that his Chevrolet Tahoe truck had been stolen. J later explained to police that he and his ex-girlfriend, Kayla Zimmerman, had been in a dispute about ownership of the truck. Zimmerman, a man named Wade (who was later identified as defendant), and a woman named Jill came to J's property and took the truck while a number of items belonging to J were still inside it. While taking the truck, Zimmerman hit J on the left side of his head. J began hitting the truck with a baseball bat, but he stopped when defendant pointed a pistol at him. The officer who responded to the scene observed that J had visible injuries to his left eye and left ear.

After a search of police records, police identified defendant and spoke with him at a gated fence in front of his parents' property. Defendant acknowledged transporting two others to retrieve the truck, but he denied that he possessed a firearm during the incident. Defendant told a deputy that he lived in a large metal shop on the property, which had an apartment inside. Defendant refused to consent to a search of his vehicle, which he indicated was parked on the property.

Police observed Zimmerman leaving the large metal shop on the property. She later spoke with a detective at the police station. She stated that she sent J a text message

indicating that she would return his items that were in the vehicle. She consented to a search of her cellphone, which she said was inside the large metal shop.

Based on that and other information in the affidavit, police obtained a warrant to search the residence, the metal shop, defendant's truck, the disputed Tahoe truck, and Zimmerman's cellphone. When executing the search warrant, police found the Tahoe truck inside the large metal shop, and they found items listed on the warrant. Police also found various firearms. A grand jury indicted defendant on several charges, including robbery in the first and second degree, unlawful possession of prohibited firearms, and felon in possession of a firearm.

Defendant filed two motions to suppress evidence obtained from his residence and vehicle pursuant to the search warrant. After a hearing on the motions, the trial court granted the motion to suppress evidence obtained from the residence on the property and from defendant's truck, but the trial court denied the motion as to evidence obtained from the large metal shop and the Tahoe truck. Defendant subsequently entered a conditional plea of guilty, reserving his right to appeal the partial denial of the motion to suppress evidence.

On appeal, defendant argues that the affidavit in support of the search warrant failed to establish probable cause because "J was the sole source of evidence that a robbery had occurred," J "abandoned" a claim that he had been "pistol whipped," and law enforcement failed to corroborate the information that J provided. We are not persuaded that the affidavit failed to establish probable cause.

"Everyone who gives information to the police is an 'informant' in the classic dictionary sense—one who informs or communicates information." *State v. Villagran*, 294 Or 404, 409, 657 P2d 1223 (1983). Courts have held that "witnesses, including victims," and "other persons unconnected with the crime who provide information," tend to be "more worthy of belief than" informants who are participants in the criminal activity or closely connected with it. *Id.* The veracity or reliability of information provided by an informant

can be established in several ways, "including corroboration by the police, *** the informant exposing himself to liability for filing a false report or by the informant's statements against penal interest." *State v. Pelster/Boyer*, 172 Or App 596, 604-05, 21 P3d 106, *rev den*, 332 Or 632 (2001).

Here, each of those factors supports J's reliability. J was the victim of the crime and a named informant. *See Villagran*, 294 Or at 410 ("Identification of the informant by name may also be a factor to consider."). As such, he was exposed to potential criminal or civil liability if he provided false information. *Pelster/Boyer*, 172 Or App at 604-05. In addition, J made a statement potentially against penal interest when he acknowledged damaging the Tahoe truck with a baseball bat. *See State v. Payne*, 150 Or App 469, 474, 946 P2d 353 (1997), *rev den*, 326 Or 390 (1998) ("The statement against penal interest made by a named informant, under these facts, is alone sufficient to establish the reliability of [the informant's] statements.").

Other information in the affidavit shows that the police corroborated most of the information that J had provided to them. Defendant, Zimmerman, and Jill confirmed that they went to J's residence to retrieve the Tahoe truck. Zimmerman acknowledged that she punched J in the head. The officer who was dispatched observed that J had visible injuries to his left eye and left ear. Zimmerman said that she sent a text message to J letting him know that she would return the items that J left in the truck, which corroborated J's account of how defendant and the two others took the Tahoe truck while items belonging to J were still inside it. Thus, whether or not J initially lied about being "pistol whipped," police corroborated most of the information that J had provided to them. *See Payne*, 150 Or App at 474 ("Police corroboration of details from an informant's statements is yet another indication of the statement's reliability.").

In arguing that the trial court erred in partially denying the motion to suppress, defendant relies primarily on *State v. Culley*, 198 Or App 366, 108 P3d 1179 (2005). Defendant's reliance on that case is misplaced. In *Culley*, the named informant was intoxicated when she provided information to police, and we concluded that she had a

possible motive to lie in her police report. *Id.* at 370. Under those circumstances, we determined that police needed to corroborate the information that she had provided, and they failed to do so adequately. *Id.* at 371. By contrast, here, as explained above, the affidavit shows that police corroborated most of the information that J had provided to them. Thus, the trial court did not err in partially denying defendant's motion to suppress.

Affirmed.